C. R. Wheeless, O. C. Hancock, and Reynolds & Brandon, all of Atlanta, Ga., for defendant.

**JOHNSON v. JOHNSON & CO., Inc.**

No. 2412 Civil Action.

District Court, N. D. Georgia, Atlanta Division.

Oct. 27, 1942.

UNDERWOOD, District Judge.

This case came on for hearing upon defendant's motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff alleges that he is entitled to additional wages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., upon the ground that defendant was engaged in interstate commerce, was subject to said Act and failed to comply with its provisions with respect to plaintiff.

Plaintiff alleges that he was an employee of defendant actually engaged in driving defendant's trucks between Atlanta and various places in and outside of Georgia

for the purpose of loading, unloading and delivering fish and sea food, and also in handling, making ready and preparing for shipment, fish and sea food products handled by defendant and sold by it to wholesale and retail dealers in and without the State of Georgia, and that such work constituted employment in commerce or the production of goods for commerce.

By stipulation it was agreed that at all times in question defendant was "engaged solely in the business of buying and selling at wholesale the following sea food products: mullet, snapper, oysters in shells, known as bulk, and fresh oysters packed in cans, cooked shrimp packed in cans, and green shrimp packed in barrels, cooked crab meat packed in cans, frozen salmon, and smoked herring, frozen lobsters and lobsters, fillet of perch, fillet of haddock, fillet of cod, fillet of mackerel, fillet of flounder, and various fresh salt water fish." That all of these products, "except the fillets and the frozen salmon and lobster, and smoked herring, were shipped packed in natural ice and required attention from time to time to place additional natural ice thereon as the ice melts and would spoil if not kept with ice." That the fillets, smoked herring and frozen salmon were shipped in containers surrounded by dry ice. That all products packed in cans and containers are merely mechanically closed and not hermetically sealed and must be preserved by the use of ice.

There is no genuine issue as to any material fact.

The question presented is whether or not plaintiff, in the employment described, was exempted from the provisions of the Fair Labor Standards Act by Section 13(a) (5), which is as follows: "(5) any employee employed in the catching, taking, harvesting, cultivating, or farming of any kind of fish, shellfish, crustacea, sponges, seaweeds, or other aquatic forms of animal and vegetable life, including the going to and returning from work and including employment in the loading, unloading, or packing of such products for shipment or in propagating, processing, marketing, freezing, canning, curing, storing, or distributing the above products or byproducts thereof."

If given their literal and ordinary meaning, plaintiff is clearly such an employee as is exempted under the words, "including employment in the loading, unloading, or packing of such products for shipment or in propagating, processing, marketing,

freezing, canning, curing, storing, or distributing the above products or byproducts thereof."

The ambiguity, if any, arises not out of the meaning of the words, but from their arrangement and grammatical construction and the punctuation used. If the use of the word "including" before the word "employment" is meant to limit the exempted employees to those only who are employed in the "catching, taking, harvesting, cultivating, or farming" of fish and sea products, then there is doubt as to whether or not defendant's employees would be exempt. But if the word "including" should be construed as referring to "any employee" employed "in the loading, unloading, or packing of such products for shipment or in propagating, processing, marketing, freezing, canning, curing, storing, or distributing the above products or byproducts thereof," then the exemption would apply to any employee so engaged and not merely to any employee so engaged and in addition employed in the "catching, taking, harvesting, cultivating, or farming" of fish.

Either is a possible construction and it is permissible to consider the legislative history and construction of the officer having the administration of the Act in determining congressional intent.

The Administrator, who is charged with the administration of this Act, has construed the section above quoted to exempt all employees of wholesale dealers in fresh and frozen fish packed in ice and in smoked or otherwise cured sea food products, when not packed in hermetically sealed packages, where such employees are engaged in handling such products.

The legislative history, also, indicates that the intent of Congress was broader than to limit the exemption merely to employees actually engaged in "catching, taking, harvesting, cultivating, or farming" of fish, since ordinarily those so engaged, in the light of the practices of the whole industry, would not also be engaged in such undertakings as "processing, marketing, freezing, canning, curing, storing, or distributing the above products or byproducts thereof," and since the same necessity for the preservation of the seafoods would exist whether the "processing, marketing, freezing, canning, curing, storing, or distributing the above products or byproducts thereof" was done by an employee engaged only in "catching, taking, harvesting, cul-

tivating, or farming," or by an employee of a wholesale dealer doing exactly the same work.

Upon the pleadings, stipulations and evidence presented at the hearing of this motion, there being no material issue of fact, and upon the above construction of the law, I find that plaintiff is such an employee as is exempted from the operation of the Fair Labor Standards Act by Section 13(a)(5) and that defendant's motion for judgment should be granted.

The case with respect to the several intervenors is substantially the same and I make the same finding with respect to each of them.

Therefore, it is considered, ordered and adjudged that said motion of defendant for judgment is hereby sustained. Let judgment in accordance herewith be entered.